# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

CIVIL ACTION NO. 10-227-JBC

HARVEY L. BAILEY,                                                               PLAINTIFF,

V.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Harvey L. Bailey's appeal of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income (R. 11, 14). The court will deny Bailey's motion and grant the Commissioner's motion because substantial evidence supports the administrative decision.

Bailey was a forty-three-year-old male with an eighth-grade education at the time of the alleged disability onset date. AR 16. He has past relevant work as a baler operator, equipment cleaner, gas attendant, housekeeper, and laborer. AR 121. He alleged disability beginning May 10, 2006, due to low back, right hip, and leg pain, as well as depression. AR 11. He filed his claims for DIB and SSI on December 6, 2007. AR 9. These claims were denied initially on January 14, 2008, and upon reconsideration on April 22, 2008. *Id.* After a hearing on May 8, 2009, Administrative Law Judge Frank Letchworth determined that Bailey was not under a disability within the meaning of the Social Security Act. *Id.* At Step 1, *see*

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that while Bailey had engaged in some gainful activity since the alleged disability onset date, that activity was not substantial. AR 11. At Step 2, the ALJ found that Bailey had severe impairments of degenerative disk disease of the lumbar spine and depression. *Id*. The ALJ then determined at Step 3 that Bailey's impairments, singly or in combination, did not meet or medically equal a listing in the Listing of Impairments. AR 13. At Step 4, the ALJ found that Bailey is unable to perform any past relevant work. AR 15. The ALJ concluded at Step 5 that jobs exist in significant numbers in the national economy that Bailey can perform, and he then denied Bailey's claims for DIB and SSI. AR 16-17. On June 18, 2010, the Appeals Council denied Bailey's request for a review of the ALJ's decision and Bailey commenced this action.

Bailey asserts that the ALJ's decision was not supported by substantial evidence, *see Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)), for the following reasons: first, the ALJ improperly relied on Dr. Ross, the agency's non-examining source, whose opinion is not supported by other evidence in the record; and second, the ALJ failed to accurately advise the vocational expert of the restrictions in attention and concentration that he adopted.

The ALJ properly relied on the opinions of Dr. Ross in conjunction with the other medical evidence of record, and Bailey has provided no evidence that any mistakes in Ross's opinion prejudicially influenced the ALJ's conclusions. Bailey

2

asserts that the ALJ's reliance on Ross's opinion was improper because Ross relied on an initial determination that the ALJ did not enter into evidence, he never saw the records from Bailey's psychiatric hospitalization at Baptist Regional, and he mischaracterized the February 2008 Comprehensive Care record as evidence of substance abuse. Bailey further contends that because the ALJ relied on the mistaken summarization of the evidence by Dr. Ross, the mental RFC he adopted is not based on substantial evidence. There is, however, substantial evidence in the record to justify the ALJ's findings, and Bailey fails to explain how the ALJ's reliance on Ross's opinion is grounds for reversal of his decision.

The ALJ gave proper consideration to Ross's opinion, as required by SSR 96-6p, 1996 WL 374180 (Jul. 2, 1996), but Ross's mental health report was only a minimal aspect of the evidence relied upon by the ALJ. AR 13. While Ross may not have reviewed Bailey's medical records from Baptist Regional, the ALJ did so, noting Bailey's presentation to the emergency room with suicidal ideation, his opiate-positive drug screening, his generally positive interactions and responses, and his discharge in stable condition after four days. *Id*. As the ALJ discussed Bailey's hospitalization at Baptist Regional at length, his later finding that Bailey "has no history of formal mental health treatment or past inpatient psychiatric hospitalization," AR 15, is properly understood to refer to the period before Bailey applied for disability. This interpretation of the ALJ's statement is supported by the ALJ's next finding that Bailey "did not seek any treatment for his allegedly disabling symptoms of depression until 18 months after he filed his disability

3

application." *Id*. Furthermore, the ALJ's finding that Bailey had outpatient care for alcoholism was not based on Ross's report, but on the medical records from Cumberland River Comprehensive Care Center in which Bailey was diagnosed with alcohol dependence, currently in partial remission. AR 15, 217. Bailey's assertion that resolution of the ALJ's errors would have yielded a different result is groundless, because the ALJ's findings and the mental RFC crafted from those findings are supported by substantial medical evidence in the record, not based on any mistaken assertions in Ross's mental health opinion.

The ALJ's findings regarding other work Bailey can perform are also based on substantial evidence, because the ALJ's hypothetical question to the vocational expert adequately portrayed Bailey's mental impairments. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 517 (6th Cir. 2010); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Bailey challenges the ALJ's hypothetical because the ALJ did not include any restrictions regarding Bailey's ability to sustain concentration, persistence, and pace. For this argument Bailey relies on the ALJ's assessment of the "paragraph B" criteria, in which the ALJ noted that Bailey has "no more than 'moderate' limitations in concentration, persistence, or pace." AR 14. The assessment of "paragraph B" criteria, however, is used in Steps 2 and 3 to determine whether an impairment is "severe" and whether the impairment meets or medically equals a listed impairment, *see* AR 13, 20 C.F.R. §§ 404.1520a(d), 416.920a(d), and is separate from the mental RFC assessment used at Steps 4 and 5. *See* SSR 96-8p, 1996 WL 374184 (Jul. 2,

1996). The RFC assessment takes into account all of the relevant evidence in the case record, *id*., and the ALJ was not required to specifically adopt "paragraph B" findings in his development of a complete and accurate assessment of Bailey's mental impairment. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Even though Bailey testified that he has problems regarding concentration, persistence, or pace, the ALJ was entitled to consider this testimony in light of the objective medical evidence of record and the ALJ's own determinations regarding Bailey's credibility. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ specifically found in fashioning the RFC that the record contains no evidence that Bailey's concentration skills do not allow for the completion of simple, one- or two-step instructions, and found based on Bailey's testimony that the activities he performs on a daily basis demonstrate that he has such sufficient concentration skills. AR 14, AR 15. Bailey asserts that the ALJ's determination does not take into account the observation by Dr. Salim that Bailey's ability to maintain attention and concentration is poor. AR 254. This statement, however, in the context of Salim's overall analysis, which also provides that Bailey is "oriented to time, place, person and situation," that his "memory is intact for recent and remote events although immediate recall is poor," that his "thought processes are linear and logical," and that his "judgment, awareness and insight appear to be intact," *id.*, provides substantial evidence for the ALJ's finding that Bailey is capable of completing simple one- or two-step instructions. AR 14.

The ALJ, having considered the medical evidence of record and Bailey's testimony, properly found that Bailey had the mental RFC to perform work activity that involves no more than occasional, casual contact with other persons in an object-focused work environment and that he can relate better to things than other people. AR 14. These findings, which are more restrictive than any mental assessments found in the medical evidence of record, *see Mitchell v. Astrue*, 256 Fed. Appx. 770, 772 (6th Cir. 2007), were included in the ALJ's hypothetical to the vocational expert. AR 46-47. The ALJ's reliance on the vocational expert's opinion is therefore supported by substantial evidence. *See Ealy,* 594 F.3d at 517; *Varley*, 820 F.2d at 779.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Bailey's motion (R.11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R.14) is **GRANTED**.

The court will enter a separate judgment.

Signed on August 31, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY